UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

LINDA PHILLIFF                                                    PLAINTIFF

VS          CASE NO. 4:14cv 556-JM

CAVALRY SPV I, LLC. &                                             DEFENDANTS
SOUTHERN, ALLEN & WITHROW

## COMPLAINT

Comes now the Plaintiff, Linda Phillips, by and through her counsel, Leigh Law LLC., and for her Complaint states:

This case assigned to District Judge Moody
and to Magistrate Judge Kay

## INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Linda Phillips (Hereinafter "Phillips") an individual, on this 16th day of September, 2014, brings this Complaint against Cavalry SPV I, LLC., (Hereinafter "Cavalry") and Southern, Allen, & Withrow (Hereinafter "SAW"), for statutory and actual damages, as well as attorney fees and costs for this litigation for violations of the *Fair Debt Collections Practices Act § 15 U.S.C. 1692 et seq* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to *15 U.S.C. § 1692k(d)* and *28 U.S.C. § 1331*.

2. Venue is conferred on this Court pursuant to *28 U.S. C. § 1391b(2)*.

## PARTIES

3. Phillips is a natural person residing in the city of Springdale, Washington County, Arkansas and was a "consumer" at all times as alleged in this Complaint, in so far as "consumer" is defined by *15 U.S.C. § 1692(a)(3)*.

4. Defendant Cavalry, with a primary place of business located at 500 Summit Lake Drive, Suite 400, Valhalla, New York, and Defendant SAW, with a primary place of business located at 12410 Cantrell Road, Little Rock, Arkansas, were acting as "debt collectors" in so far as debt collector is defined by *15 U.S.C. § 1692(a)(6),* and were attempting to collect a "debt" in so far as "debt" is defined by *15 U.S.C. § 1692(a)(5),* which was allegedly due a "creditor" in so far as "creditor" is defined by *15 U.S.C. § 1692(a)(4).*

## RELEVANT PRECEDENT & STATUTORY STRUCTURE OF THE FDCPA

5. Phillips incorporates by reference and re-alleges paragraphs (1) through (4).

6. The FDCPA is a strict liability statute that covers both intentional and unintentional violations. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

7. District courts are to employ and use the "unsophisticated-consumer" standard when analyzing FDCPA claims and whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (quoting *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir.2000).

8. The FDCPA applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

9. A debt collector who brings any legal action on a debt against any consumer shall bring such action in the judicial district the consumer resides at the commencement of the action. See, *15 U.S.C. § 1692i(a)1(B)*.

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. See, *15 U.S.C. § 1692e*.

11. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. See, *15 U.S.C. § 1692f*.

12. The actual taking of an action is a threat to take further action, e.g., filing a lawsuit is a threat to obtain a judgment. *Royal Financial Group, LLC v. Perkins*, ED98991, 2013 WL 4419343 (Mo. App. Aug. 20, 2013).

13. The bona fide error defense is limited to clerical errors. *Picht v. Jon R. Hawks, Ltd.*, 236 F. 3d 446, 451 (8th Cir. 2001).

14. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for statutory damages up to $1,000. See, *15 U.S.C. § 1692k(a)(2)*.

15. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages. See, *15 U.S.C. § 1692k(a)(1)*.

16. A Plaintiff who is successful in a FDCPA action is entitled to attorney fees and costs for the litigation. See, *15 U.S.C. § 1692k(a)(3)*.

## **FACTUAL ALLEGATIONS**

17. Phillips incorporates by reference and re-alleges paragraphs (1) through (16).

18. On or about the date of June 4, 2014, Defendant Cavalry, through the law firm of Defendant SAW, filed a Complaint against Phillips in the District Court of Benton County, Arkansas, Rogers Division (*See Exhibit "A" Attached Hereinto and Incorporated by Reference*).

19. The Complaint against Phillips alleged that Phillips and another party, Laurel Krafft:[1]  A. Are Residents of Benton County, Arkansas;

   B. Jurisdiction and venue are proper;

   C. Phillips purchased certain items with an extension of credit;

   D. An amount of $2,995.46 was owed by Phillips; and

   E. An affidavit attached to the Complaint "set out" the amount owed (*See Exhibit "B" Attached Hereinto and Incorporated by Reference*).

## FACTS

20. Phillips incorporates by reference and re-alleges paragraphs (1) through (19).

21. Phillips is not indebted to the Defendants as the Defendants allege in its Complaint.

22. Phillips is not a resident of Benton, County Arkansas and has been a resident of Washington County, Arkansas for the past 17 years, as evidenced by tax records and voter registration (*See, Exhibit "C" Attached Hereinto and Incorporated by Reference*).

23. In another lawsuit filed by SAW against Phillips[2], SAW pled that "Defendants are residents of Washington County, Arkansas" (*See, Exhibit "D" Attached Hereinto and Incorporated by Reference*).[3]

---

[1] Phillips is unaware who Defendant Laurel Kraft is; has never heard of Ms. Kraft; and has never had a credit card account, or any other account, with Ms. Kraft.

[2] Cavalry SPV I, LLC –vs- Johnny L. Phillips & Linda J. Phillips, Case No. CV-14-1015-6, Circuit Court of Washington County, Arkansas, June 4, 2014.

24. In the same lawsuit referenced in paragraph 23, SAW served a request for admission asking Phillips to, "Admit that Defendant is a resident of Washington County, Arkansas" (*See, Exhibit "E" Attached Hereinto and Incorporated by Reference*).[4]

25. After being served by SAW, in the action that is the underlying action this FDCPA lawsuit is brought under, Phillips became upset, mad, confused, suffered anxiety, and her relationship with her husband suffered as Phillips was accused by her husband of hiding debts.

26. Phillips retained Leigh Law LLC to defend against the action that is the underling action in this FDCPA lawsuit.[5]

27. Phillips continues to suffer from anxiety and stress associated with the filing of the action in Benton County, Arkansas.

28. Phillips husband is in poor health; Phillips is the primary care-giver; and the stress of the action filed in Benton, Arkansas continues to cause Phillips anxiety, as it relates to the care of her husband.

29. Phillips and her husband are on fixed incomes and the money paid to retain Leigh Law LLC., has caused financial hardship.

## **VIOLATIONS OF THE FDCPA**

30. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (29).

31. Plaintiff is not indebted to Defendant Cavalry as SAW alleges in its Complaint in the District Court of Benton County, Arkansas; thereby Cavalry and SAW

---

[3] Paragraph two of the Complaint.

[4] Request for Admission No. 1, propounded on August 13, 2014.

[5] Phillips also retained Leigh Law LLC., to represent her in the action filed by SAW in Washington County, Arkansas.

are trying to collect a debt from Phillips that Phillips does not owe; which is unfair and/or unconscionable; and violates *15 U.S.C. § 1692f.*

32. The affidavit referenced in paragraph 19(E) of this Complaint did not set-out any facts or allegations that Phillips was indebted to the Plaintiff; in fact, the affidavit made no reference to Phillips whats-so-ever; thereby violating *15 U.S.C. § 1692e.*

33. The Defendants, acting as debt collectors; attempting to collect a debt and obtain a judgment; filed suit against Phillips in Benton County, Arkansas when Phillips is a resident of Washington County, Arkansas, thereby violating *15 U.S.C. § 1692i(a)1(B), 15 U.S.C. § 1692e,* and *15 U.S.C. § 1692f.*

34. The Defendants violated the Arkansas Fair Debt Collection Practices Act,[6] specifically, *A.C.A. §§§§ 14-24-505(a), 14-24-506(a), 14-24-507(a), 17-24-510(a)(2)(A)(B),* by suing Phillips[7] when Phillips is not legally indebted to Cavalry; suing Phillips in Benton County, Arkansas, when Phillips lives in Washington County, Arkansas, and alleging an affidavit attached to the Complaint supported the allegations in the Complaint when the affidavit did not; thereby making their Arkansas Fair Debt Collection Practices Act violations per-se violations of *15 U.S.C. §§§ 1692e, 1692f, and 1692i(a)1(B).*[8]

### DAMAGES AND PRAYER FOR RELIEF

35. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (34).

---

[6] The Arkansas Fair Debt Collection Practices Act, *A.C.A. § 17-24-101,* is a state debt collection statute that mirrors the federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

[7] Cavalry SPV I, LLC., as Assignee of Chase Bank USA, N.A. (WAMU) –vs- Laurel Krafft & Linda J. Phillips, District Court of Benton County Arkansas, Rogers Division, Case No. CV-14-492.

[8] An action in state court naming Cavalry and SAW has been filed for violations of the Arkansas Fair Debt Collection Practices Act.

36. As to statutory damages under the FDCPA, Phillips prays for relief and judgment in the amount of $1000.00 (one-thousand dollars 00/100) against Defendant Cavalry and $1000.00 (one-thousand dollars 00/100) against Defendant SAW.

37. As to actual damages, Phillips prays for relief and judgment against Defendants, joint and severally, for her attorneys fees and costs in retaining Leigh Law LLC to represent her in <u>Cavalry SPV I, LLC., as Assignee of Chase Bank USA, N.A. (WAMU) –vs- Laurel Krafft & Linda J. Phillips</u>, District Court of Benton County Arkansas, Rogers Division, Case No. CV-14-492; and for her emotional distress; in an amount determined at trial by jury.

38. Phillips prays for relief and judgment for separate attorney fees and costs to bring this action under the FDCPA.

39. Phillips prays for any other relief that the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

40. Phillips incorporates by reference and re-alleges paragraphs (1) through (39).

41. Phillips demands trial by jury for all issues triable by jury.

**WHEREFORE**, Phillips pray for judgment in the amount of $1,000.00 for statutory damages against Defendant Cavalry; $1,000.00 for statutory damages against Defendant SAW; actual damages joint and severally against the Defendants for her attorneys fees to retain Leigh Law LLC to defend against <u>Cavalry SPV I, LLC., as Assignee of Chase Bank USA, N.A. (WAMU) –vs- Laurel Krafft & Linda J. Phillips</u>; emotional distress in an amount determined at trial against both Defendants; and for her attorneys fees and costs to bring this action under the FDCPA.

Respectfully Submitted,

_____
Victoria Leigh (2011257)
Attorney for the Plaintiff
P.O. Box 21514
Little Rock, AR 72221
(501) 227-7627
(501) 227-7628 (fax)
v@leigh-law.com

08/20/2014  09:39  4797511594          SERVICE TECH INC                      PAGE

IN THE DISTRICT COURT OF BENTON COUNTY, ARKANSAS
ROGERS DIVISION

CAVALRY SPV I, LLC, AS ASSIGNEE OF CHASE BANK USA, N.A. (WAMU)      PLAINTIFF

V.                              CASE NO. CV-14-492

LAUREL KRAFFT & LINDA J PHILLIPS                                    DEFENDANTS

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendants, state:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendants are residents of Benton County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendants purchased certain items with extensions of credit obtained on his/her CHASE BANK USA, N.A. (WAMU) account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $2,995.46, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendants in the amount of $ 2,995.46, for all costs herein paid and expended, for post-judgment interest at the contract rate, reasonable attorney's fees, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Torven Stamatis (2008054)

**FILED FOR RECORD**
**JUN 04 2014**
THE DISTRICT COURT OF
BENTON COUNTY, ARKANSAS
ROGERS DIVISION

S&A File No. 14-01833-0


EXHIBIT A

## AFFIDAVIT OF CLAIM

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

Cavalry SPV I, LLC, as assignee of Chase Bank USA, N.A (WAMU)

vs.

LAUREL KRAFFT

I, [...] Pincharey, being duly sworn on oath, depose and say:

I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

That the defendant, LAUREL KRAFFT, the account holder(s), opened an account with Chase Bank USA, N.A (WAMU) on [...]/2008, which account became delinquent and was charged off on 04/30/2010 (the "Account").

As of 03/11/2014, the principal balance due and owing by the account holder(s) on the account was $2,995.46. The account holder(s) has been credited for all payments, set-offs or other credits due.

That the Account was purchased by Cavalry SPV I, LLC on or about 07/02/2013.

In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to timely record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

In connection with the purchase of this account, Cavalry SPV I, LLC received copies of electronic business records from Chase Bank USA, N.A (WAMU), which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in electronic format.

Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who may be entitled to stay relief.

Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 03/19/2014

_____
Legal Administrator

_____
Notary Public, State of New York

Eddy Martinez
Notary Public - State of New York
No. 01MA6268052
Qualified in Westchester County
Commission Expires August 27, 2016

14.1833



JEFF WILLIAMS
Washington County Assessor
280 N College Suite 250
Fayetteville, AR 72701
479-444-1500

Date: February 25, 2014
Parcel: 750-00788-001
RPID:   33873

PHILLIPS, JOHNNY L & LINDA J

PO BOX 774

SPRINGDALE              AR 72765-0774

## Important Notice – You May be Eligible for Up To a $350 Property Tax Credit

*For Updated Info*

Amendment 79 was passed by majority vote of the people of Arkansas during the statewide General Election on November 7, 2000. Amendment 79, and Act 142 of 2007, are intended to provide property tax relief for homeowners within the State of Arkansas and provides for up to a $350 tax credit on the property that is their principal place of residence. Answering the following questions will provide your Assessor's Office with the information necessary in order to determine if you qualify for the credit.

A property owner may claim only one property tax credit in the State of Arkansas.

Re: Property located at: 388 WINTER AVE
28-18-31 ELM SPRINGS OUTLOTS PT NE NE 3.574A

In the spaces provided below, please list the name, date of birth, and daytime phone number for each owner of the above described property who resides there.

| Owner Occupant Name | Birth Date | Daytime Phone |
|---|---|---|
| Johnny L Phillips | 3/20/48 | 479 248 2424 |
| Linda J Phillips | 4/14/49 | 479 248 2424 |

1. Do you currently receive a property tax credit on any other parcel?................... ☐ Yes ☑ No
2. Is this property your principal place of residence?.................... ☑ Yes ☐ No
   If Yes, I have lived here since _____ (month & year you moved in)
3. If buying on contract from an owner who is owner-financing, do you pay the taxes for this property? (Recorded contracts only are eligible.) ☐ Yes ☐ No ☑ N/A
4. Does the person who owns this property reside in a nursing home?................. ☐ Yes ☑ No
   (This does not exclude the owner from the property tax credit.)
5. Will you be 65 years of age or older by December 31, 2014? ☑ Yes ☐ No
   (If Yes, include a copy of your Arkansas Driver's License or other Proof of Age.)
6. Are you Legally Disabled?................ ☐ Yes ☑ No
   (If Yes, include a copy of your disability documentation from the Social Security Administration or other qualifying agency.)

_Signature_  3/7/14
Signature of Property Owner or Representative    Date Signed

_Signature_  3/7/14
Signature of Property Owner or Representative    Date Signed

98 N 40th Springdale AR 72762
Mailing Address

EXHIBIT C

I, Becky Lewallen, Registrar of Washington County, certify that

Linda J Phillips  714329
346 Spring Ln
Springdale, AR 72762  04/14/1949

Is a registered voter in: Washington County
PRECINCT: Elm Springs City
VOTE AT: Elm Springs United Methodist Church
SCH DIST/ZONE: 219/219-2   SEN: 001   DC: 81-4
J.P: 01   REP: 087   WARD
DATE PRINTED: 2/13/2013 - Reason: Polling Place Change

I, Becky Lewallen, Registrar of Washington County, certify that

Johnny L Phillips  714328
346 Spring Ln
Springdale, AR 72762  02/20/1948

Is a registered voter in: Washington County
PRECINCT: Elm Springs City
VOTE AT: Elm Springs United Methodist Church
SCH DIST/ZONE: 219/219-2   SEN: 001   DC: 81-4
J.P: 01   REP: 087   WARD
DATE PRINTED: 2/13/2013   Reason: Polling Place Change

EXHIBIT C

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**

CALRY SPV I, LLC              PLAINTIFF

CASE NO. CV14-1015-6

TONY L PHILLIPS & LINDA J PHILLIPS        DEFENDANTS

**COMPLAINT**

Comes the Plaintiff and for its cause of action against the Defendants, state:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. §1008.

2. That the Defendants are residents of Washington County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendants purchased certain items with extensions of credit obtained on their BANK OF AMERICA/FIA account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That due to the Defendants' breach of the cardholder agreement, which is attached hereto as Exhibit "A," the past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal $20,844.11, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendants in the amount of $ 20,844.11, for all costs herein expended, for post-judgment interest at the statutory rate, reasonable attorney's fees, and for all other proper relief.

Alkon & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

_[signature]_
Teevan Stannatis (2008064)

No. 14-01836-0

EXHIBIT D

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS

CAVALRY SPV I, LLC                      PLAINTIFF

V.              CASE NO. CV14-1015-6

JOHNNY L PHILLIPS & LINDA J PHILLIPS          DEFENDANT

## REQUESTS FOR ADMISSIONS TO DEFENDANT LINDA J PHILLIPS

Comes now the Plaintiff, by and through counsel, Southern & Allen, and submits the following requests for Admission to the Defendant Linda J Phillips, to be answered under oath pursuant to Ark. R. Civ. P. 36:

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendant is a resident of Washington County, Arkansas;

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant purchased certain items and charged same on the charge account which is the subject of this lawsuit;

**REQUEST FOR ADMISSION NO. 3:** Admit that the amount paste due on said account, which has not been paid, and has been owed by Defendant for a period of time is $20,844.11;

**REQUEST FOR ADMISSION NO. 4:** Admit that the monthly statements/bills in regard to this account were sent to and received by Defendant.

**REQUEST FOR ADMISSION NO. 5:** Admit that the Defendant never notified Plaintiff in writing of any dispute in regard to this account (balance);

**REQUEST FOR ADMISSION NO. 6:** Admit that the Defendant never notified Plaintiff in writing of any complaints or requests to stop credit on this account.

SA File No. 14-01836-0

EXHIBIT E